THE TRUSTEES OF SCHOOLS

*v.*

ISAIAH WILSON *et al.*

*Opinion filed April 17, 1905—Rehearing denied June 7, 1905.*

ESTOPPEL—*when trustees of schools are estopped to assert title to land.* Trustees of schools who accept a mortgage reciting that the mortgagor has a good and valid title, obtained from them, to the land encumbered, are estopped, as against subsequent purchasers from the mortgagor who have had undisturbed possession of the land for forty years, to deny the truth of the recital in the mortgage respecting the mortgagor's title.

APPEAL from the Circuit Court of DeWitt county; the Hon. SOLON PHILBRICK, Judge, presiding.

This was a bill filed by appellees, Isaiah Wilson and William H. Lafferty, to quiet title to the west half of the northeast quarter of section 35, township 20, north, range 2, east of the third principal meridian, situated in DeWitt county. The bill sets up the fact that on the tenth day of October, 1845, one James Miller, who had been duly appointed executor of the last will and testament of John Anderson, deceased, and in pursuance of the provisions of said will, conveyed said real estate above described to the trustees of schools of township 23, range 3, east of the third principal meridian, in the county of McLean, being the appellants in this case, and that the records of said county of DeWitt fail to show that the trustees of schools ever conveyed the title of the said land to any person, and that the appellees are unable to produce any evidence that such conveyance was ever made, except by such legal inference as may be drawn from such conveyances and instruments as appear upon the records of said county of DeWitt. The bill sets out a certain mortgage from Daniel Newcomb and wife to the trustees of schools, and also a mortgage from Jacob Long and wife to said trustees of schools, the trustees of schools in both instances being the appellants here. The bill further alleges that there have been numerous conveyances made of the property in question from 1864 to the present time, and that appellees' grantors, either direct or remote, have been in actual, open, visible, exclusive and notorious possession adversely to said trustees, and each of them, during the whole of said time. The bill prays for the usual relief.

The answer sets up that the defendants acquired title to the lands in question from the executor of John Anderson, deceased, and alleges that Anderson had borrowed a part of the permanent school fund from said trustees, and that they had obtained a judgment, in their corporate capacity, against

215   23 .

the said Anderson, and the lands were conveyed by his executor to them in satisfaction of the judgment. The answer denies all the material allegations of the bill, and denies that complainants are entitled to any relief whatever, and asserts that the title to the said lands is now and always has been vested in them, free from all claims, as trustees and agents of the State of Illinois.

The cause was tried before the chancellor upon a stipulation of facts, which facts are, in substance, that the land was entered by John Anderson from the government of the United States on the 12th day of November, 1835, and on October 10, 1845, James Miller, executor, etc., conveyed the lands, with other real estate, to the trustees by and under their corporate name, and that appellees, and those under whom they claim title, have been in actual, exclusive and open possession and occupancy of the premises, claiming the same adversely to appellants for forty years prior to the commencement of this suit. Certain exhibits were also offered in evidence, being the deed from Miller, executor, etc., dated October 10, 1845, to the appellants to the lands in question; also a mortgage from Daniel Newcomb and wife to the trustees of schools of town 23, north, range 3, east, in the county of McLean and State of Illinois, dated September 1, 1847, due the first of March next following, to secure the sum of $300. The mortgage contained the following clause: "I further covenant that I have good and valid title to said estate from said trustees, and that the same is free and clear of all encumbrances, and that I will pay all taxes and assessments," etc. The certificate of proper acknowledgment is also shown, and a mortgage from Jacob Long and wife to the same trustees, dated 1849, encumbering the same premises to secure the sum of $300, the mortgage containing the same covenants and being in all respects like the Newcomb mortgage, except that the covenant of title omits the words "from said trustees," contained in the Newcomb mortgage, which mortgage is recorded in book 2, page 374, DeWitt

county. On the margin of the record appears the following endorsement: "Received of Jacob Long $300, the same being a satisfaction in full of this mortgage. Witness my hand and seal this 28th day of March, 1853," signed "Trustees of schools township 23, range 3, east, by C. H. Moore, attorney at law."

A decree was entered by the court granting the relief prayed in the bill and canceling the mortgages in favor of the trustees, and from that decree this appeal is prosecuted.

D. D. DONAHUE, and H. M. MURRAY, for appellants.

LEMON & LEMON, for appellees.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

Appellants' main argument is upon the theory that the title of the property is in reality in the State, having been purchased by the trustees of schools with school money, and thereby a perpetual trust was created for the specific use of and for educational purposes and could not be diverted, and that the Statute of Limitations cannot run against property of the State. But in the view we take it is unnecessary to discuss these propositions, as we think appellants are clearly estopped from asserting any title to or interest in said lands by reason of having accepted the mortgages above set forth from the apparent owners. It is not denied but that the mortgages have been paid off and the money received by appellants, and that there is at the present time nothing due either of them. While appellees' bill does not set up the facts as full and complete as they should be, especially in showing the source of title, etc., nor show or introduce evidence showing a connected chain of title to the present owner, yet it is stipulated and agreed that appellee Wilson, and those under whom he held, had been in actual, exclusive and open possession and occupancy of the premises in controversy, claiming

the same adversely to the defendants, for forty years prior to the commencement of this suit, and that neither the complainants, nor those under whom they claimed, have had notice of any claim of the defendants to said premises, except such constructive notice as is furnished by the records of the conveyance. It would seem strange, indeed, that a person or persons would loan money upon a piece of property and accept a mortgage which stated upon its face that the mortgagor had a good and valid title to said estate from the mortgagees, and afterwards loan money and accept a mortgage from another party asserting ownership, and allow the property to be used and managed by other parties asserting ownership for a period of forty years without themselves asserting any ownership or claim of title to the property, if they were, in fact, the real owners. The only reasonable conclusion that could be reached under the condition that appears here is, that the trustees had disposed of the property and re-loaned the money upon the same to the purchasers or their grantors. Appellants accepted the mortgage, and the mortgagor expressly stated that he had good title which he obtained from the mortgagee. The appellees claim title by a connected chain of conveyances from Newcomb and Long, the respective makers of the mortgages, and were warranted in relying on the recitals in those mortgages, and appellants are now estopped from denying the truth of the statements contained in the mortgages. *Second Nat. Bank* v. *Gilbert,* 174 Ill. 485; *Orthwein* v. *Thomas,* 127 id. 554; *Despain* v. *Wagner,* 163 id. 598; *Pinckard* v. *Milmine,* 76 id. 453; *Byrne* v. *Morehouse,* 22 id. 602; *Roderick* v. *McMeekin,* 204 id. 625.

We think there is sufficient evidence in the record upon which to base the decree entered by the chancellor. The decree of the circuit court of DeWitt county is accordingly affirmed.                           *Decree affirmed.*